**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


JIMMY EDD LEE
ADC #97401                                                    PETITIONER


VS.                         5:10CV00334 JLH/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                    RESPONDENT


## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

### <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Jimmy Edd Lee. Before addressing Petitioner's habeas claims, the Court will review the lengthy procedural history of the case in state court.

On April 10, 2006, Petitioner pleaded guilty, in Lafayette County Circuit Court, to possession of drug paraphernalia with the intent to manufacture methamphetamine.[1] (Ex. A, Tr. 44). He was sentenced to sixty months of probation. (Docket entry #18-2 at p.38). Petitioner did not pursue any postconviction relief following the entry of his guilty plea.

On January 23, 2007, the State moved to revoke Petitioner's probation. (Ex. A, Tr. 52-53). On May 7, 2007, the trial court conducted a revocation hearing and later revoked Petitioner's probation. (Ex. A., Tr. 97). He was sentenced to 240 months of incarceration on the underlying drug conviction. (Ex. A, Tr. 60).

Petitioner appealed his probation revocation, arguing that the trial court erred in admitting certain hearsay evidence under the business-record exception. [2] On December 5, 2007, the Arkansas Court of Appeals affirmed. *Lee v. State*, 2007 WL 4248295 (Ark. App. Dec. 5, 2007) (unpublished).

On January 28, 2008, Petitioner filed a *pro se* Rule 37 petition in Lafayette County Circuit Court raising various postconviction claims. (Docket entry #18-1 at

---

[1] During the plea colloquy, defense counsel stated that Petitioner would enter an "Adams" plea. (Docket entry #18-2 at pp.35-36). The trial court then stated its understanding "that you [Petitioner] are entering a plea of guilty pursuant to Adams v. State. That indicates to me that rather than risking going to jury trial and the evidence of the State being presented to the jury and risking a possible conviction by that jury for these charges, that you have decided to enter a plea of guilty at this time." (Docket entry #18-2 at pp.36-37). The Judgment and Disposition Order reflects that Petitioner entered a "negotiated plea of guilty pursuant to Adams v. State." (Ex. A, Tr. 44).

It appears that the parties and the trial court intended to reference an *Alford* plea, not an "Adams" plea. *See North Carolina v. Alford*, 400 U.S. 25, 31-33 (1970) (establishing that a court may constitutionally accept a guilty plea from a defendant who claims his innocence where he acknowledges that there is strong evidence of his actual guilt and a likelihood of conviction at trial).

[2] Some of the relevant documents underlying Petitioner's guilty plea are contained in the record of the probation-revocation appeal, which was not submitted by either party in this case. Excerpts from that record ("Tr.") are attached as Exhibit "A" to this Recommended Disposition.

pp.4-12). On April 16, 2008, the trial court entered an Order denying Rule 37 relief. (Docket entry #18-1 at pp.18-19).

Petitioner appealed, and, on May 27, 2010, the Arkansas Supreme Court affirmed the denial of Rule 37 relief. *Lee v. State*, 2010 Ark. 261, 2010 WL 2132249 (May 27, 2010).

Petitioner initiated this *pro se* habeas action on November 19, 2010. (Docket entry #2). In his Petition, he argues that: (1) his lawyer provided ineffective assistance of counsel by failing to investigate and inform him about inconsistencies with the written reports of the arresting police officers; (2) his sentence following the revocation of his probation exceeded the trial court's statutory authority; and (3) the prosecution withheld impeachment evidence from the defense in violation of his due process rights. (Docket entry #2).

On February 18, 2011, Petitioner filed a *pro se* Petition for a Writ of Error Coram Nobis in Lafayette County Circuit Court. (Docket entry #32-2 at p.6). In this coram nobis action, Petitioner argued that his due process rights were violated when the prosecution allegedly withheld certain impeachment evidence.

On May 18, 2011, the trial court entered an Order denying coram nobis relief. (Docket entry #32-2 at pp.64-65). Petitioner then lodged an appeal with the Arkansas Supreme Court.

On May 26, 2011, this Court entered an Order staying this habeas action until the disposition of Petitioner's coram nobis appeal. (Docket entry #20). On October 25, 2012, the Arkansas Supreme Court affirmed. *Lee v. State*, 2012 Ark. 401, 2012 WL 5304086 (Oct. 25, 2012).  On December 5, 2012, the Court lifted the stay. (Docket entry #31).

Respondent argues that all of Petitioner's claims are either procedurally defaulted or fail on the merits.[3] (Docket entry #18). For the reasons discussed below, the Court concludes that Respondent's arguments have merit, and it recommends that all of Petitioner's habeas claims be denied.

## II. Discussion

### A.      Sixth Amendment Ineffective Assistance of Counsel Claim

Petitioner argues that he received ineffective assistance of counsel, during the plea proceeding, when his attorney failed to advise him about discrepancies between the arresting officer's "written and oral statements to be given at trial." (Docket entry #2 at 5). Petitioner contends that, had he been aware of the alleged discrepancies, he would have proceeded to trial. Respondent argues that the claim is procedurally defaulted.

Importantly, Petitioner did *not* pursue any postconviction relief between July 27, 2006, the date the trial court entered judgment on Petitioner's guilty plea, and

---

[3] Both sides have also filed Supplemental Briefs addressing the Arkansas Supreme Court's disposition of Petitioner's coram nobis appeal. (Docket entries #35, #37, #39, #40).

May 7, 2007, the date of his probation revocation hearing.[4] (Ex. A, Tr. 44, 79). It was not until January 28, 2008, *after* the trial court had revoked Petitioner's probation, that he filed a Rule 37 petition (docket entry #18-1 at p.4) arguing that he had received ineffective assistance of counsel during the guilty plea proceeding that took place over a year earlier. By that time, any collateral attack on the underlying guilty plea was untimely:

> In his [Rule 37] petition, appellant alleged error on the part of the trial court and ineffective assistance of counsel in the original guilty plea proceeding. With respect to those claims, the Rule 37.1 petition was not timely filed. Any allegation pursuant to the rule that appellant desired to raise was required to be raised in a petition filed within ninety days of the date that the original judgment was entered in 2006 in accordance with Arkansas Rule of Criminal Procedure 37.2(c).
>
> Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and a circuit court cannot grant relief on claims not timely raised in accordance with the rule.

*Lee*, 2010 Ark. 261 at *2.

A habeas petitioner must "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (2011). Furthermore, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

---

[4] Petitioner had ninety days, from the entry of judgment on his guilty plea, to file a timely Rule 37 Petition. *See* Ark. R. Crim. P. 37.2(c). Thus, the deadline for Petitioner to seek postconviction relief with the trial court was October 25, 2006.

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Beaulieu v. Minnesota*, 583 F.3d 570, 573-74 (8th Cir. 2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Thus, Petitioner has procedurally defaulted his claim that his lawyer was constitutionally ineffective in his guilty plea proceeding by failing to file a timely Rule 37 petition.

Petitioner goes on to argue that his procedural default should be excused because the prosecution withheld certain police reports that contradicted the arresting officers' account that Petitioner was present at the meth lab.[5] (Docket entry #19 at pp.5-6). According to Petitioner, he could have pursued timely postconviction relief had those reports been disclosed to him.

Petitioner's argument fails because those reports and any alleged discrepancies in the officers' testimony were known or readily apparent to him *well before* he entered his guilty plea. His lawyer filed a pre-trial motion to dismiss based on lack of probable cause. He argued that the arrest and search warrant affidavits established "there was absolutely no probable cause for [Petitioner's]

---

[5] "Cause" to excuse procedural default "must be something external to the petitioner, something that cannot fairly be attributed to him." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

arrest because there was no evidence whatsoever that he was in constructive possession of the meth lab."[6] (Ex. A, Tr. 26).

Finally, to the extent that Petitioner's habeas papers can be construed to assert the actual innocence exception to procedural default, it has not been established. Petitioner's theory regarding discrepancies in the allegedly undisclosed police reports at most would have allowed his attorney to impeach the officers' credibility. However, those discrepancies would not have established Petitioner's factual innocence.[7]

Thus, the Court recommends that Petitioner's first claim for habeas relief be denied.

## B.    Illegal Sentence Claim

Second, Petitioner argues is that his sentence is facially invalid because the trial court exceeded its authority in sentencing him to twenty years of imprisonment. The premise of his argument is that he pleaded guilty to a class C felony, with a maximum statutory penalty of ten years, *not* the more-severe class B

---

[6] The trial court denied the motion to dismiss. (Docket entry #18-2 at p.34).

[7] *See Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"); *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence."); *see also* McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (noting that the habeas petitioner had not attempted to invoke actual innocence but that "in light of his guilty plea, such an attempt would be unpersuasive").

felony, with a maximum statutory penalty of twenty years.[8] Petitioner contends that, after his probation was revoked, the trial court could only have sentenced him in the range of a Class C felony.

Petitioner was charged in an information with possession of drug paraphernalia, *with the intent to manufacture methamphetamine*, which is a class B felony under Ark. Code Ann. § 5-64-403.[9] (Ex. A, Tr. 1). Likewise, the record of his initial appearance reflects that he was arraigned on the charge of possession of drug paraphernalia, with the intent to manufacture methamphetamine. (Ex. A, Tr. 4).

At Petitioner's change-of-plea hearing, the trial court informed Petitioner that he was "charged with the offense of possession of drug paraphernalia with intent to manufacture in accordance with the original information." (Docket entry # 18-2 at p.35). The trial court asked defense counsel whether the original charge had been amended, and he answered: "I believe they are as they were filed." (Docket entry #18-2 at p.35). The trial court also asked Petitioner whether he had reviewed and understood a "plea and waiver" form he and his lawyer had executed. (Docket

---

[8] *See* Ark. Code Ann. § 5-4-401(a) (establishing five to twenty year range for a Class B felony, and a three to ten year range for a Class C felony).

[9] Under Arkansas law, possession of drug paraphernalia with the intent to manufacture a controlled substance may be charged as a class A misdemeanor or a class C felony. *See* Ark. Code Ann. § 5-64-403(c)(1). However, the possession of drug paraphernalia with the intent to manufacture *methamphetamine* may also be charged as a Class B felony. *See* Ark. Code Ann. § 5-64-403(c)(5); *see also Osborne v. State*, 94 Ark. App. 337, 230 S.W.3d 290 (2006) (rejecting vagueness challenge to Ark. Code Ann. § 5-64-403).

entry #18-2 at p.37). He answered that he understood the terms and had no questions about them.

On the "plea and waiver" form, Petitioner acknowledged that "he has received a copy of the charges against him herein and, after discussion the same and the consequences of a plea of guilty to such charges with his attorney, understands the nature of the charges against him and the possible consequences of a conviction thereon." (Ex A, Tr. 43). Additionally, the "plea agreement" is written as: "5 years probation, $2,500 fine." (Ex. A. Tr. 43).

The Judgment and Commitment Order reflects that Petitioner pleaded guilty to possession of drug paraphernalia, *with the intent to manufacture methamphetamine*, and the offense is designated as a *class B felony*. (Ex. A, Tr. 44).

In a separate document titled "Conditions of Suspended Sentence or Probation," the trial court imposed various conditions of probation. (Ex. A, Tr. 46-50). This document included a provision stating that, if Petitioner's probation was revoked, he could be sentenced to three to ten years of incarceration. (Ex. A, Tr. 49). The three-to-ten year range is consistent with a class C felony, *not* the five-to-twenty year range for a class B felony.[10]

---

[10] The conditions of probation form also stated that Petitioner pleaded guilty to "Possession of Drug Paraphernalia with Intent to Manufacture," with no reference to any specific controlled substance, the felony classification of the offense, or the statute of the offense. (Ex. A, Tr. 46).

In Petitioner's Rule 37 appeal, he argued that, for purposes of his probation revocation hearing, the three-to-ten year range set forth in the conditions of probation document governed the permissible range of his sentence.    He specifically argued that: (1) his twenty-year sentence violated his due process rights; and (2) his lawyer in the revocation proceeding was ineffective for failing to object to the twenty-year sentence.

The Arkansas Supreme Court rejected those arguments. It held that the three-to-ten year sentence range referenced on Petitioner's conditions of probation form did *not* bind or limit the trial court's authority to sentence Petitioner within the statutory range for the class B felony he pleaded guilty to:

> Appellant contends that the reference to a possible sentence of three-to-ten years was one of the conditions of probation, and the trial judge therefore made a critical error in exceeding that sentence when probation was indeed revoked. He alleges essentially that the form listing the conditions was a binding agreement between him and the trial judge that the court in the revocation proceeding was bound to honor. He faults counsel for failing to object to the sentence on that ground. Appellant does not allege that any of the conditions listed were incorrectly stated or did not comply with Arkansas Code Annotated § 5–4–303.

> Contrary to appellant's claim, the "three-to-ten years" notation on the form that listed the conditions of probation did not in itself constitute a "condition" that he was required to abide by while on probation. Moreover, the form was not an agreement that the later court was required to abide by. Sentencing is entirely a matter of statute. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. The original judgment set out that appellant had entered a plea of guilty to a Class B felony. The sentencing range for a Class B felony is five to twenty years' imprisonment. Ark. Code Ann. § 5–4–401(a)(3). The court upon

> revocation of probation was free to impose any sentence that could
> have been imposed at the time appellant was placed on probation.
> Ark. Code Ann. § 5–4–309(f)(l)(A)[.]

*Lee*, 2010 Ark. 261 at *4-6.

The limited scope of habeas review requires that Petitioner must come forward with clear and convincing evidence to rebut the Arkansas Supreme Court's presumptively correct finding that he pleaded guilty to a Class B felony. *See* 28 U.S.C. § 2254(e)(1). In his habeas papers, Petitioner has failed to come forward with evidence sufficient to rebut that presumptively correct finding. Thus, his twenty-year sentence, which is within the statutory range for a Class B felony, is facially legal.

Finally, Petitioner has not demonstrated that the state court decision was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d).

Accordingly, the Court recommends that Petitioner's second claim for habeas relief be denied.

### C.  Due Process Claim Arising From Prosecution Withholding Impeachment Information From The Defense

Finally, Petitioner argues that the prosecution withheld impeachment information in violation of his Due Process rights under *Brady v. Maryland*, 373

U.S. 83 (1963). According to Petitioner, this constitutional violation rendered his plea unknowing and involuntary.[11]

In Petitioner's coram nobis appeal, the Arkansas Supreme Court rejected Petitioner's argument:

> In this case, appellant failed to establish that the State withheld any evidence or that appellant raised his claims concerning withheld evidence in a timely manner. As the trial court noted in its order, the defense filed pleadings in the case, in particular those concerning a motion to dismiss for lack of probable cause, that included assertions that the police had taken positions in affidavits for the arrest warrant and earlier reports that were inconsistent with those taken later. The defense was therefore aware of the reports that appellant referenced in his petition for the writ and of discrepancies in the officer's statements. It does not appear that the reports were withheld from the defense, and, if the reports had been previously withheld, because the defense had been made aware of the reports prior to entry of appellant's plea, appellant could not demonstrate due diligence in only now acting on that information. We cannot say that the trial court abused its discretion in determining that there was no withheld evidence, and, even if there had been evidence withheld, appellant did not diligently pursue his remedies in that regard.
>
> Appellant also contends on appeal that he was deceived by the prosecution as to the charge that he had agreed to plead to and that there was no factual basis for the plea on which he was convicted. These claims are all tied to appellant's allegation that he believed that he entered his plea to, and the trial court took the plea on, a charge that did not specify methamphetamine as the controlled substance that was intended to be manufactured. But, even in the materials appellant referenced as an exhibit, which appear to include a part of the transcript of the plea hearing, the reference by the court is to the charge in the original information, which does identify

---

[11] The information that Petitioner alleges the prosecution withheld appears to be reports from the arresting officers that do not mention Petitioner's presence at the meth lab. Petitioner contends those reports could have been used to impeach other police reports that placed him at the meth lab.

methamphetamine as the controlled substance. Appellant provided no facts in his petition that would support his claim that he believed that he was entering a plea to a charge other than that listed on both the information charging him and the judgment. Rather, the facts that appellant set out support the proposition that appellant was advised that he was entering a plea to the charge shown on his judgment.

*Lee*, 2012 Ark. 401 at \*4-6.

As a threshold matter, Petitioner's due process claim fails because there is no clearly established constitutional right to the disclosure of *Brady* material prior to the entry of a guilty plea. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). Thus, Petitioner cannot establish that the state court's disposition of his *Brady* claim was "contrary to . . . clearly established Federal law, as determined by the Supreme Court[.]" *See* 28 U.S.C. § 2254(d)(1).

Alternatively, even if Petitioner has stated a viable § 2254 habeas claim, it fails on the merits. As explained earlier, defense counsel litigated the issue of discrepancies in the arresting officers' reports in a pre-trial motion to dismiss. Thus, Petitioner was either aware of the evidence he now claims was withheld from him, or he failed to act diligently in waiting more than four years after the entry of his guilty plea to pursue his *Brady* claim in state court.

Petitioner has failed to show that the Arkansas Supreme Court's disposition of his *Brady* claim was contrary to, or an unreasonable application of, federal law. He also has not established that it was based on an unreasonable determination of the facts. Accordingly, the Court recommends that Petitioner's final habeas claim also be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 26th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

## PROPERTY OF ARKANSAS SUPREME COURT/COURT OF APPEALS

# CACR 07  00684

**Appellant(s)**

Jimmy Lee Lee

**v.**    Lafayette Circuit
Hon. James Scott Hudson Jr, JUDGE
CR-2005-3-2

**Appellee(s)**

State Of Arkansas

2 Volume Record Lodged

Transcript Filed June 29, 2007
**Leslie W. Steen, Clerk**
By Denise Parks

Volume ___|___



# IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS
## Criminal Division

State of Arkansas                                    Plaintiff

    VS

               CR-2005-3-2

Jimmy Edd Lee

                                   Defendant

**Appearance of counsel:**

**Brent Haltom**
**Prosecuting Attorney**
**Room 006**
**Miller County Courthouse**
**Texarkana, Arkansas 75502**
      **Appearing For The State**



**Phillip A. McGough, P.A.**
**Attorney at Law**
**P.O. Box 1553**
**North Little Rock, Arkansas 72115**
      **Appearing For The Defendant**

**Before The Honorable Jim Hudson, Circuit Judge**

INDEX

(Circuit Clerk's Court Files)

| | Page |
|---|---|
| Criminal Information............................................................................ | 1 |
| Summons and Subpoena Information.................................................... | 3 |
| Record of First Judicial Appearance.................................................... | 4 |
| Bail Bond............................................................................................ | 5 |
| Motion and Order For Continuance........................................................ | 6 |
| Motion For Discovery And Inspection of Evidence................................. | 7 |
| State's Motion For Discovery................................................................ | 10 |
| States Response to Defendants Motion For Discovery.......................... | 11 |
| Defendant's Response to State's Motion For Discovery........................ | 14 |
| Letter to Judge Griffin From Ronald Griggs........................................... | 16 |
| Motion For Substitution of Counsel....................................................... | 17 |
| Motion For Substitution of Counsel....................................................... | 19 |
| Order Granting Substitution of Counsel................................................. | 21 |
| State's Motion For Discovery................................................................ | 22 |
| Motion To Dismiss For Lack Of Probable Cause.................................... | 23 |
| Brief In Support Of Motion To Dismiss For Lack Of Probable Cause.... | 25 |
| Response to Defendant's Motion To Dismiss........................................ | 35 |
| Motion For Continuance....................................................................... | 37 |
| Motion And Order For Continuance....................................................... | 39 |

Reply To State's Rersponse To Defendant's Motion To Dismiss........... 40

Plea And Waiver.................................................................................. 43

Judgment And Disposition Order............................................................ 44

Conditions Of Suspended Sentence Or Probation................................ 46

Petition For Revocation; Report Of Probated Sentence Violation And
Recommendation To Revoke................................................................. 51

Order.................................................................................................... 55

Bench Warrant Issued.......................................................................... 56

 Bench Warrant Returned (Served 01-25-07 @ 12:30 PM)..................... 58

Motion And Order For Continuance........................................................ 59

Judgment And Commitment Order........................................................ 60

Prosecutor's Report.............................................................................. 62

Amended Judgment And Commitment Order......................................... 63

Amended Prosecutor's Report.............................................................. 65

Letter To Ms. Tuckett From Defendant (Copy)....................................... 66

Motion to Relieve Trial Counsel On Appeal........................................... 68

Order Relieving Trial Consel On Appeal................................................ 71

Notice Of Appeal And Designation Of Record........................................ 73

Lafayette County Criminal Docket......................................................... 75

Court Reporter's Transcript................................................................... 79

Clerk's Certificate................................................................................. 102

# CRIMINAL INFORMATION

## IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

### EIGHTH JUDICIAL DISTRICT

**FILED**

12:05 p.m.

JAN 2 4 2005

D. Eccisott D.C.

MARY JOE HOOVER

LAFAYETTE COUNTY, AR

| | |
|---|---|
| State of Arkansas | Case No.   CR-2005-3-1 |
| vs | |
| JIMMY EDD LEE | Filing Date   January 24, 2005 |

| | | | |
|---|---|---|---|
| Amended Information? ☐ Yes | Multiple D's Charged <u>Together</u> ☐ -Or- Multiple D's Charged <u>Separately</u> X | | |
| If Yes: | Co-D's | | Related Case #'s |
| Adding Offense(s)? ☐ Yes | Jimmy Dale Coleman | | CR-2005- |
| Dropping Offense(s)? ☐ Yes | | | |
| Changing Offense(s)? ☐ Yes | | | |
| D Charged As Habitual? ☐ Yes | | | |

| Defendant's Full Name | Date of Birth | Race | Sex | SID # | Arrest Date |
|---|---|---|---|---|---|
| JIMMY EDD LEE | 08-27-1959 | W | M | | 12-20-2004 |

| Address (Street, City, State, Zip) | SS# | Driver's License No. |
|---|---|---|
| ⁻05 Lafayette 128 ⌐mps, AR | 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 | 43138452 |
| | Arrest Tracking # | Prosecutor's File # |
| | 823981 | n/a |

| Alias 1 | Alias 2 | Alias 3 |
|---|---|---|
| n/a | | |

I, BRENT HALTOM, Prosecuting Attorney, Eighth-South Judicial District, in the name of the State of Arkansas, Lafayette County, accuse the above named defendant of the following crime IN COMPLICITY WITH ANOTHER:

| Code # | Offense | A/S/C | Offense Date | Counts | F/M | Class |
|---|---|---|---|---|---|---|
| 5-64-403 | Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine | XXXX | 12-20-2004 | 1 | F | B |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1 of 2

Count # 1

Offense: 5-64-403 Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine, a class B felony;

ımitted as follows:

The defendant on or about ___December 20, 2004_____, in Lafayette County, Arkansas did unlawfully

                 Use, or possess with intent to use, drug paraphernalia to manufacture methamphetamine;

**PUNISHABLE by imprisonment in the Arkansas Department of Corrections for a term of not less than five (5) years nor more than twenty (20) years, and/or a fine not to exceed fifteen thousand ($15,000.00) dollars;**

against the peace and dignity of the State of Arkansas.

Entered this ___21st_____ day of ___January____, 2005.

## BRENT HALTOM
Prosecuting Attorney.

By _____
   John K. Griffin, Deputy Prosecuting Attorney

AOC/6/00

____, Jimmy Edd
Information
Page 2 of 2

000002

# SUMMONS

## SUMMONS ISSUED

NONE

## SUMMONS RETURNED

NONE

# SUBPOENA INFORMATION

## SUBPOENA ISSUED

09-26-2005

## SUBPOENA RETURNED

09-21-2005

000003

IN THE CIRCUIT COURT OF **LAFAYETTE** COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS                                          NO.  CR- 2005-3-1

*Jimmy Lee*

                                                  DEFENDANT

### RECORD OF FIRST JUDICIAL APPEARANCE

FILED
12:05 p.m.
JAN 2 4 2005
J Seront D.C
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Defendant appeared in Court on the below date and was advised of the following:

1.  That he has been arrested on:

          a.  A warrant issued from the Circuit Court
                              OR
          b.  Probable cause  found by the Circuit / Municipal Court.

     For the offense of: *Poss Drug Paraphernilia w/ Intent to Manufacture Meth.*

2.  That he has the right to remain silent and that anything he says can be used against him.

3.  That he has the right to have a reasonable opportunity to communicate with his attorney, family, and friends.

4.  That he has the right to representation by an attorney and if he can not afford an attorney, one will be appointed for him at no cost.

     *Public Defender if qualify* appointed / retained

5.  That his next appearance date is  1-31-05

6.  That his bond is set at $25,000.00

Signed this 22 day of  *December*, 2004.

DEFENDANT ACKNOWLEDGES ABOVE APPEARANCE AND EXPLANATION OF RIGHTS.

_____            *Jimmy Lee*
CIRCUIT JUDGE                        DEFENDANT

                                   _____
                                   ATTORNEY FOR DEFENDANT

000004

State of Arkansas 084

County of _LAFAYETTE_

City of _____          P.O. Box 485 • Higden, Arkansas 72067          **FILED**

Case No. _____          (501) 825-6500          10:25 a.m.

FEB 18 2005

J. Second N0. 104225

# Bail Bond

MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

_Jimmy Edd LEE_ _____, hereinafter referred to as the Defendant, being in custody, charged with the

offense(s) of _Poss of Drug Para_ _w/Intent to Manufacture_

_____ and having been admitted to bail in the amount of $ _10,000.ᵚ_ .

Now **J. E. Bonding Inc.**, does hereby undertake that the Defendant will appear before the Court designated below at the time indicated and shall at all

times render himself amenable to the orders and process of said court in prosecution of charges, and if convicted, shall render himself in execution

thereof. If the Defendant fails to perform any of these conditions, we will pay and forfeit to the ___ _Circuit_ ___ Court of

_(District or Circuit Court)_

_LAFAYETTE_ , The Sum of $ _10,000_ . _00_ ___.

_(City or County)_

In witness Whereof I have hereunto set my hand and seal this ___ _17th_ ___ day of ___ _FEB._ ___, 20 _05_ .

Defendant to appear in:

District Court City of _____

District Court County of _____

_JUNE 6th_ , 20 _05_ At _9:00_ (A.M.)/P.M.

_LAFAYETTE_ ___ County Circuit Court

Defendant _Jimmy Edd LEE_

Address _205 LAF. 138_

City _STAMPS_     State _AR_     zip _71860_

Phone _870-533-2307_     Contact Phone

Surety J.E. Bonding Inc. and _William Powell_
_Attorney in Fact (Agent)_

NOTICE TERM   _Jim Lee_     Co-Signer _Margerie Lee_

## Power of Attorney

| Authority for:<br>_William Powell_<br><br>To Act as Attorney-In-Fact-State of Arkansas | Item 1 | Item 2<br>Not Valid for<br>bond in<br>excess of<br>$100,000.00 | Item 3<br>Not Valid<br>if used after<br>12/31/_05_ | Item 4<br>Date<br>Issued<br>_2/17/05_ | Power<br>Number<br>№ _104225_ |
|---|---|---|---|---|---|
| Item 5 - Defendant _Jimmy Edd LEE_ | | | | | Insert Bond Amount<br>Void If Not Completed |
| Social Security Number _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_ | | Date of Birth _8-22-59_ | | | $ _10,000.ᵚ_ |

### Know All Men By These Presents

Section 1. That **J.E. Bonding Inc.** does hereby make, constitute and appoint the party as set forth in Item One (1) above as its true and lawful Attorney-in-Fact with full power and authority hereby confirmed to execute on behalf of the said Company, as sole surety only subject to the limitations as herein set forth,  Bail Bonds, in Judicial Proceedings, whether criminal or civil: appeal bonds or any other kind of appearance bond in any State Court, County Court or Municipal Court and in all U.S. Federal Courts on behalf of the above named Defendant.

Section 2. That the authority of such Attorney-in-Fact to bind the company shall not in any event exceed the amount set forth in Item Two (2) above on any one bond and the said Attorney-in-Fact is hereby authorized to insert in Item Five (5) the name of the person on whose behalf this bond is given.

Section 3. This power is not valid unless used on or before the date set forth in Item Three (3) above and can only be used once.

Section 4. The authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee failure to provide payments, back alimony payments, child support payments, fines or wage law claims.

Section 5. **J.E. Bonding Inc.** does make, constitute and appoint the above named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only.  Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee failure to provide payments, fines, or wage law claims on behalf of above named Defendant.

Section 6. IN WITNESS WHEREOF, **J.E. Bonding Inc.** has caused these presents to be signed by its Owner and its corporate seal to be hereunto affixed (if applicable) on the date set forth in Item Four (4) above.

ion 7. DO NOT ACCEPT A POWER OF ATTORNEY WHICH BEARS ANY ALTERATIONS, ERASURES OR INTERLINEATION.

. , Bail Bond Form with Incorporated Power of Attorney should remain a permanent part of Court Records.

J.E. Bonding Inc.

000005

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

STATE OF ARKANSAS                                        **FILED** PLAINTIFF

                                                        10:35 a.m.
VS.                        CASE NO. CR2005-3-1 AUG 2 2 2005

JIMMY EDD LEE                                    D Ellett D C
                                        MARY JOE ROGERS  **DEFENDANT**
                                          CIRCUIT CLERK
                                        LAFAYETTE COUNTY, AR

## MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE

Comes now the Defendant, Jimmy Edd Lee, by and through his attorney, Ronald L. Griggs, and moves to dismiss the information as filed against him and in support thereof states:

1. Jimmy Edd Lee is charged with the offense of possession of drug paraphernalia with the intent to manufacture methamphetamine.

2. The Defendant was arrested on premises owned by another party who was also arrested.

3. The Defendant was not at the time of his arrest, nor has he ever, exercising any authority or control over the premises where the alleged clandestine meth lab was located.

4. At the time of his arrest the police officers had no reasonable or probable cause to believe that the Defendant was in possession of, either actually or constructively, the clandestine meth lab which was located upon the premises of Jimmy Dale Coleman. In fact, the only information the state had, which came from a confidential informant, was that Jimmy Dale Coleman was in possession of a meth lab on Jimmy Dale Coleman's premises.

5. Jimmy Edd Lee was simply in the wrong place at the wrong time. He happened to be on the premises when undercover drug agents were investigating Jimmy Dale Coleman. The state had absolutely no

reasonable or probable cause to suspect the Defendant, Jimmy Edd Lee, of being in the process of or having previously committed any criminal offense. As a result, his arrest was unlawful and unconstitutional.

6. The criminal charges filed against the Defendant should be dismissed for lack of reasonable or probable cause.

Wherefore, premises considered, the Defendant requests that the court enter an order dismissing the charges against him for a total lack of reasonable or probable cause to suspect the Defendant of having committed a criminal offense, i.e. the possession of drug paraphernalia with the intent to manufacture methamphetamines on property owned by another person.

JIMMY EDD LEE

By: _____
Ronald L. Griggs
Attorney at Law
431 N. Washington
El Dorado, AR    71730
(870) 862-5187

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing has been served upon all interested parties by mailing a copy of same, postage prepaid, addressed to John K. Griffin, Deputy Prosecuting Attorney, P.O. Box 744, Lewisville, Arkansas 71845 on this 19th day of August, 2005.

_____
Ronald L. Griggs

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                          CASE NO. CR2005-3-1   FILED

JIMMY EDD LEE                                    10:55 A.m.
                                          AUG 2 2 2005   DEFENDANT
                                          J. Fawcett D.C.
                                          MARY JOE ROGERS
                                          CIRCUIT CLERK
                                          LAFAYETTE COUNTY, AR

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF PROBABLE CAUSE

The facts which are relevant to this court's consideration as to whether or not the information filed against Mr. Lee should be dismissed because the state lacked any probable cause to arrest him for an alleged criminal offense are not really in dispute.

On December 20, 2004 Officer R.W. Wiggins of the South Central DTF was requested to assist the Lafayette County Sheriff's Department concerning a suspected clandestine methamphetamine laboratory. Apparently Special Agent Mike Rice had been working with a confidential informant in Lafayette County attempting to locate a meth lab. Special Agent Rice and the confidential source traveled to a residence located at the address of #5 C.R. 37 in Buckner, Lafayette County, Arkansas where they met with two white males identified as Jimmy Dale Coleman and Jimmy Lee. Mr. Coleman resides at that address and the Defendant in this case, Mr. Lee, does not. Mr. Lee, in fact, resides at 205 Lafayette 128 in Stamps, Arkansas.

When Officer Rice first drove upon the property which was the

residence of Jimmy Coleman he first came in contact with the Defendant, Jimmy Lee, in the backyard. Mr. Rice introduced himself to Mr. Lee and after a couple of minutes Jimmy Coleman came out of the house and introduced himself to Investigator Rice. For whatever reason Mr. Coleman then invited Investigator Rice to visit at the residence and after several minutes Mr. Coleman went into the residence and started bringing out materials needed to manufacture methamphetamine. Mr. Coleman took the items to a shed in the backyard and eventually Investigator Rice discovered a clandestine meth lab. At no time did Investigator Rice ever obtain information indicating that Mr. Lee was in any way in control of the property where the meth lab was located nor was he ever advised that Mr. Lee lived at that residence. Nevertheless, Mr. Rice and the other police officers involved arrested both Mr. Lee and Mr. Coleman.

Mr. Lee contends that there was absolutely no probable cause for his arrest because there was no evidence whatsoever that he was in constructive possession of the meth lab. The only evidence which in any way connects him up with the meth lab are statements of Mr. Coleman, as matter of law an accomplice if in fact there was a crime committed. No citation to authority is required for the proposition that the statements of an accomplice cannot, standing alone, constitute sufficient evidence to convict someone of a crime. There being absolutely no other evidence to establish that Mr. Lee was in any way in possession of, actual or constructive,

2

000026

the meth lab the state had no probable cause to continue to detain and arrest Mr. Lee.

According to the decision of the Arkansas Supreme Court in Roderick v. State, 288 Ark. 360, 705 S.W. 2d 433 (1986) probable cause to arrest without a warrant exists when the facts and circumstances within the officers' collective knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed by the person to be arrested. See also Coble v. State, 274 Ark. 134, 624 S.W. 2d 421 (1981); Brinegar v. United States, 338 U.S. 160 (1949); Carroll v. United States, 267 U.S. 132 (1928). However, a mere suspicion is not enough. Wong Sun v. United States, 371 U.S. 471 (1963). Even a "strong reason to suspect," will not suffice. Henry v. United States, 361 U.S. 98 (1959).

In Hudson v. State, 316 Ark. 360, 872 S.W. 2d 68 (1994) the Supreme Court wrote:

> "As Ark. R. Crim. P. 4.1 states, and as we have often held, a law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that person has committed a felony. Chism v. State, 312 Ark. 559, 853 S.W. 2d 255 (1993). Reasonable, or probable, cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested. Crail v. State, 309 Ark. 120, 827 S.W. 2d 157 (1992); Burks v. State, 293 Ark. 374, 738 S.W. 2d 399 (1987); Roderick v. State, 288 Ark. 360, 705 S.W. 2d 433 (1986)." (Emphasis supplied.)

3

000027

The state had <u>no</u> facts to support anything more than a bare suspicion that Mr. Lee could be in possession of a meth lab on someone else's property. How could he possibly "possess" the meth lab equipment on Mr. Coleman's property?

In <u>Jefferson v. State</u>, 76 Ark. App. 300, 64 S.W. 3d 791 (2002) the court examined prior Arkansas decisions where citizens were searched and or arrested primarily for being in the wrong place at the wrong time. The court there wrote:

> "The <u>Jennings</u> court, citing <u>Stewart v. State</u>, supra., held that the stop was improper under Rule 3.1 because the defendant was merely in the wrong place at the wrong time. The <u>Jennings</u> court found that there was no indication that the defendant was committing or was about to commit a crime, and that the only factor present from section 16-81-203 was the fact that appellant was in a known drug area. As in <u>Stewart</u>, the <u>Jennings</u> court also found that the stop was improper under Rule 2.2 because there was no testimony that the office was investigating or preventing a crime when she encountered the defendant. See <u>Jennings v. State</u>, supra.

> \* \* \* \* \* \* \* \*

> However, it is only the totality of the circumstances preceding the stop that this court may consider. Pursuant to <u>Stewart</u> and <u>Jennings</u>, and Rules 3.1 and 2.2, we hold the stop was impermissible because nothing about appellant's behavior prior to the stop provided the officer with reasonable suspicion to believe that appellant had committed or was about to commit a crime as described in Rule 3.1. The fact that appellant was out late walking in a high crime area did not give the officers a sufficient reason to stop him."

As the United States Supreme Court in <u>Terry</u> stated:

> "This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs. For, as this court has always recognized,

4

000028

> "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."

Terry, 392 U.S. at 9, citing Union Pacific Railroad Co. v. Botsford, 141 U.S. 250, 35 L. Ed. 734, 11 S. Ct. 1000 (1891). The court went on to state:

> "Under our decision, courts still retain their traditional responsibility to guard against police conduct which is overbearing or harassing, or which trenches upon personal security without the objective evidentiary justification which the Constitution requires. When such conduct is identified, it must be condemned by the judiciary and its fruits must be excluded from evidence in criminal trials."

Terry, 392 U.S. at 15. The state went too far in this case when it arrested Mr. Lee for doing nothing more than standing in Mr. Coleman's backyard.

On the issue of "constructive possession" the Court of Appeals in Jones v. State, 83 Ark. App. 186, 119 S.W. 3d 48 (2003) explained:

> "The state need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed. Polk v. State, 348 Ark. 446, 73 S.W. 3d 609 (2002); Darrough v. State, 330 Ark. 808, 957 S.W. 2d 707 (1997). The state must prove some additional factor linking the appellant to the contraband to prove that the appellant exercised care, control and management over the contraband, and that the individual knew the matter possessed was contraband. Fultz v. State, 333 Ark. 586, 596, 972 S.W. 2d 222, 226 (1998)."

5

000029

_Jones_, of course, was a case involving automobiles and is therefore somewhat distinguishable from the present case but the substance of the law remains the same. The _Jones_ court then addressed the "additional factors" to be considered thusly:

> "Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; (5) whether the accused acted suspiciously before or during the arrest. _Bradley_, supra. Possession may be imputed when the contraband is found in a place that is immediately and exclusively accessible to the accused and subject to his control. _Id._ While constructive possession may be established by circumstantial evidence, when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. _Hodge v. State_, 303 Ark. 375, 797 S.W. 2d 432 (1990)."

See also _Cerda v. State_, 303 Ark. 241, 795 S.W. 2d 358 (1990) (reversing a criminal conviction where the contraband was not in plain view, on appellant's person, or in his immediate proximity, and appellant was not the owner of the vehicle or in control of it, even though appellant was extremely nervous and he and the joint occupant told conflicting stories). None of the "additional" factors were present in this case. Not one.

In _Cooper v. State_, 84 Ark. App. 342, 141 S.W. 3d 7 (2004) Officer Anthony Moore testified that he received a tip from a confidential informant that a meth lab was being operated at 4123 South Shackelford Road in Little Rock. Based on the tip, Officer

6

000030

Moore proceeded to the residence and knocked on the door. As he was approaching the house, Officer Moore noticed a strong chemical odor. Officer Moore testified that he met with the owner of the house, Donald Whitaker, and that Mr. Whitaker signed a form consenting to a search of the house. Officer Moore stated that the only other person present in the house was appellant, Mr. Cooper, and that Mr. Cooper gave verbal consent to search. Mr. Cooper had a bedroom and was living in the house.

Upon inspecting the house, Officer Moore observed some marijuana and white residue on a mirror in plain view. At that time both men were arrested, and Officer Moore did a pat-down search of Mr. Cooper. During the search, Mr. Cooper told Officer Moore that he had marijuana and methamphetamine in his pocket, but Officer Moore only found marijuana. After the search, Mr. Cooper remembered that he placed the baggie of methamphetamine on the kitchen table, and Officer Moore found it there. The methamphetamine found on the table was determined to weigh 0.15 grams.

Officer Moore testified that he continued to search the house and found a locked basement door. The police removed the lock and discovered a large meth lab in the basement. There was a cook taking place and the odor was extremely strong. There was testimony establishing that the ephedrine-reduction method was being used. The police seized all kinds of paraphernalia used to manufacture methamphetamine, along with pseudoephedrine and large quantities of

7

finished product. The <u>Cooper</u> court then referred to <u>Crossley v.</u> <u>State</u>, 304 Ark. 378, 802 S.W. 2d 459 (1991), where the Supreme Court discussed constructive possession as follows:

> "Neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found under the dominion and control of the accused. <u>Cary v. State</u>, 259 Ark. 510, 534 S.W. 2d 230 (1976). Put in other terms, the state need not prove that the accused had actual possession of a controlled substance; constructive possession is sufficient. <u>Embry v. State</u>, 302 Ark. 608, 792 S.W. 2d 318 (1990). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. <u>Id.</u>"

<u>Id.</u> at 380, 802 S.W. 2d at 460. Mr. Cooper argued that the state failed to establish constructive possession because there was no evidence that he exercised control over the contraband at issue and the court agreed, holding:

> "We agree that there was a lack of evidence to connect Mr. Cooper to any of the contraband found in the basement. Joint occupancy is not in itself sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. <u>Gwatney v. State</u>, 75 Ark. App. 331, 57 S.W. 3d 247 (2001). In this case it is arguable that Mr. Cooper was not even an occupant of the area containing the meth lab because it was behind a locked door and there was no evidence that Mr. Cooper had access. Nevertheless, even if we consider him a joint occupant there was insufficient linking factors. While he admitted to possessing a small quantity of methamphetamine found on the kitchen table, there was no evidence to suggest that it was produced by the methamphetamine lab. Under the particular facts of this case, we hold that the state failed to prove constructive possession of the items associated with the meth lab."

000032

## CONCLUSION

The state cannot possibly prove its case against Mr. Lee. In fact, he never should have been arrested in the first place. The police officers had absolutely no probable cause, let alone a reasonable suspicion, that Mr. Lee was in possession of or operating the clandestine meth lab which Mr. Coleman so quickly admitted was his. In order to obtain a conviction against Mr. Lee the state is going to have to prove constructive possession and there is simply no evidence available to the state to prove same. In fact, before an arrest could have even been made in this case the state had to have reasonable or probable cause to suspect that Mr. Lee was operating the meth lab. Under the facts of this case that is an impossible burden on the state. It was not his property, the confidential informant never mentioned him as being a participant and it is only after his arrest that Mr. Coleman sang like a canary and tried to implicate Mr. Lee in Mr. Coleman's meth lab operation. In determining whether there is probable cause this court must ignore the comments made by Mr. Coleman because they are nothing more than evidence of an alleged accomplice. There must be other evidence to connect up Mr. Lee with the alleged offense and there is no such other evidence.

The charges against Mr. Lee must be dismissed. He should never

9

000033

have been arrested in the first place.

JIMMY EDD LEE

By: _____
      Ronald L. Griggs
      Attorney at Law
      431 N. Washington
      El Dorado, AR   71730
      (870) 862-5187

      Attorney for Defendant


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the above and foregoing has been served upon all interested parties by mailing a copy of same, postage prepaid, addressed to John K. Griffin, Deputy Prosecuting Attorney, P.O. Box 744, Lewisville, Arkansas 71845 on this 19th day of August, 2005.

_____
Ronald L. Griggs

10

000034

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

STATE OF ARKANSAS ~~FILED~~                                      PLAINTIFF

VS.                          SEP 1 9 2005          NO. CR-2005-3-1

JIMMY EDD LEE               MARY JOE ROGERS                      DEFENDANT
                            CIRCUIT CLERK
                          LAFAYETTE COUNTY, AR

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes now the State of Arkansas, by and through Eighth Judicial District South Deputy

Prosecuting Attorney, John K. Griffin, and for its response to Defendant's Motion To Dismiss For

Lack Of Probable Cause, states, to-wit:

Jimmy Edd Lee is charged with the offense of possession of possession of drug paraphernalia

with the intent to manufacture methamphetamine, and was arrested on premises owned by another,

Jimmy Coleman, who was also arrested.  At the time of the arrest, Jimmy Edd Lee was an active

participant in the process of methamphetamine production.

At the premises, just prior to his arrest, Jimmy Edd Lee engaged in conversation with

Investigator Mike Rice pertaining to the production of methamphetamine. While Coleman was inside

the house, Rice and Jimmy Edd Lee remained outside in the yard. Jimmy Edd Lee indicated to Agent

Rice that Lee and Coleman had the ingredients necessary for a meth cook. Lee showed the

ingredients to  Agent Rice, and, expecting Rice to help Lee and Coleman with a successful cook,

expressed gratitude to Rice for his assistance.  Further, Jimmy Edd Lee led Rice into the shed where

the cook was to take place. Defendant cites Jones v. State, 83 Ark. App. 186, 119 S.W. 3d 48 (2003)

and Fultz v. State, 333 Ark. 586, 596, 972 S. W. 2d 222, 226 (1998) to further the proposition that

additional links must be proven connecting a defendant to contraband if the State wants to prove that

the defendant "exercised care, control and management over the contraband, and the individual knew

the matter possessed was contraband." Here, Lee took an active role in talking with Agent Rice and

in indicating to the Agent that he (Lee) knew exactly what was being contemplated by the parties and how they were to proceed.

Lee was not simply in the wrong place at the wrong time. He and Jimmy Coleman are long time acquaintances. His purpose for being on the premises was to take part in the production of methamphetamine. Lee made this purpose known to Agent Rice. Jimmy Coleman's statement ties Lee to the crime. Probable cause to arrest was sufficient. This case should not be dismissed without allowing a jury the opportunity to hear all of the State's evidence

Wherefore, premises considered, the State of Arkansas requests that the Court deny Defendant's Motion To Dismiss For Lack Of Probable Cause, and for this matter to proceed to trial against Defendant for Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine.

Respectfully,

John K. Griffin
Deputy Prosecuting Attorney
Eighth Judicial Dist. South
P. O. Box 744
Lewisville, AR 71845
870-921-5761

## CERTIFICATE OF SERVICE

I, John K. Griffin, Attorney at Law, hereby certify that a copy of the above and foregoing Response to Defendant's Motion to Dismiss has been forwarded to Ronald Griggs, Attorney for Defendant, by mailing a copy of same, postage prepaid, at 431 North Washington, El Dorado, AR 71730, on this 19th day of September, 2005.

John K. Griffin

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

STATE OF ARKANSAS                                                  PLAINTIFF

VS.                         CASE NO. CR2005-3-1     **FILED**
                                                    9:00 A.M.
JIMMY EDD LEE                                       OCT 1 7 2005    DEFENDANT
                                                    MARY JOE ROGERS
            **REPLY TO STATE'S RESPONSE TO**       CIRCUIT CLERK
            **DEFENDANT'S MOTION TO DISMISS**      LAFAYETTE COUNTY, AR

Comes now the Defendant, Jimmy Edd Lee, by and through his
attorney, Ronald L. Griggs, and for his Reply to State's Response
to Defendant's Motion to Dismiss for lack of probable cause states:

Apparently the facts upon which the State relies have now
changed from the facts that were recited in their affidavits
submitted to the court for warrants of arrest, in the information
as filed and for affidavits for search warrants. The facts set
forth in Defendant's Brief in Support of Motion to Dismiss for lack
of probable cause were taken directly from the state's previous
filings. Those facts are:

> "On December 20, 2004 Officer R.W. Wiggins of the South
> Central DTF was requested to assist the Lafayette County
> Sheriff's Department concerning a suspected clandestine
> methamphetamine laboratory. Apparently Special Agent Mike
> Rice had been working with a confidential informant in
> Lafayette County attempting to locate a meth lab. Special
> Agent Rice and a confidential source traveled to a
> residence located at the address of #5 C.R. 37 in
> Buckner, Lafayette County, Arkansas where they met with
> two white males identified as Jimmy Dale Coleman and
> Jimmy Lee. Mr. Coleman resides at that address and the
> Defendants in this case, Mr. Lee, does not. Mr. Lee, in
> fact, resides at 205 Lafayette 128 in Stamps, Arkansas.
>
> When Officer Rice first drove upon the property which was
> the residence of Jimmy Coleman he first came in contact
> with the Defendant, Jimmy Lee, in the backyard. Mr. Rice
> introduced himself to Mr. Lee and after a couple of

> minutes Jimmy Coleman came out of the house and
> introduced himself to Investigator Rice. For whatever
> reason Mr. Coleman then invited Investigator Rice to
> visit his residence and after several minutes Mr. Coleman
> went into the residence and started bringing out
> materials needed to manufacture methamphetamine. Mr.
> Coleman took the items to a shed in the backyard and
> eventually Investigator Rice discovered a clandestine
> meth lab."

Now, for the first time, in the State's Response to the Defendant's

Motion to Dismiss the facts change to the following:

> "At the premises, just prior to his arrest, Jimmy Edd Lee
> engaged in conversation with Investigator Mike Rice
> pertaining to the production of methamphetamine. While
> Coleman was inside the house, Rice and Jimmy Edd Lee
> remained outside in the yard. Jimmy Edd Lee indicated to
> Agent Rice that Lee and Coleman had the ingredients
> necessary for a meth cook. Lee showed the ingredients to
> Agent Rice, and, expecting Rice to help Lee and Coleman
> with a successful cook, expressed gratitude to Rice for
> his assistance. Further, Jimmy Edd Lee led Rice into the
> shed where the cook was to take place."

In previous filings the State contended it was Mr. Coleman who did

all of the talking, who invited Investigator Rice into the

residence, who brought out the materials needed to manufacture

methamphetamine and who led Investigator Rice into the shed in the

backyard where Investigator Rice discovered a clandestine meth lab.

Now, for the first time, the State changes its story and indicates

that it was Jimmy Edd Lee who was doing all of the talking and

showing off the ingredients necessary to cook meth. Which is it?

It is obvious from the State's Response to Defendant's Motion

to Dismiss, when compared to the State's previous filings, that a

credibility issue has arisen with respect to the police officers.

2

000041

The only way to resolve that credibility issue is for the court to hold an evidentiary hearing to test the sufficiency of the State's probable cause and the credibility of the police officers.

Therefore, the Defendant, Jimmy Edd Lee, respectfully requests that this court set for hearing his Motion to Dismiss for lack of probable cause and that the court require the State to come forward with substantial evidence to prove the new set of facts they now present to the court rather than the facts originally presented to the court at or near the time of the Defendant's arrest.

Respectfully submitted,

JIMMY EDD LEE

By: _____
Ronald L. Griggs
Attorney at Law
431 N. Washington
El Dorado, AR    71730
(870) 862-5187

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing has been served upon all interested parties by mailing a copy of same, postage prepaid, addressed to John K. Griffin, Deputy Prosecuting Attorney, 8th Judicial District South, P.O. Box 744, Lewisville, Arkansas 71845 on this ____ day of October, 2005.

_____
Ronald L. Griggs

3

000042

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                              NO. CR-_2005-3-1_

__JIMMY EDD LEE__                                                    DEFENDANT

## PLEA AND WAIVER

**COMES NOW** the Defendant and states:

1.    That he has received a copy of the charges against him herein and, after discussing the same and the consequences of a plea of guilty to such charges with his attorney, understands the nature of the charges against him and the possible consequences of a conviction thereon.

2.    That he is not innocent of said charges against him, did in fact commit the crimes with which he is charged and is guilty thereof beyond every reasonable doubt.

3.    That he disclosed to his attorney the names and addresses of all persons known who could testify in his behalf, assisted his attorney in preparing his defense to the charges herein and related to his attorney all matters in mitigation.

4.    That no promises, representations or threats have been made to or against him by anyone to induce or cause him to enter a plea of guilty to the charges herein.

5.    That, by entering a plea of guilty herein, he waives and gives up (a) his right to persist in a plea of not guilty, (b) his right to remain silent and not to testify against himself, ( c) his right to be confronted with witnesses against him and to cross-examine such witnesses under oath, (d) his right to compel witnesses to testify in his behalf, (e) his right to a jury trial to determine his guilt, (f) his right to appeal his conviction herein and (g) any and all objections to the proceedings herein against him.

6.    That he acknowledges (a) that he is satisfied with the advise given him by his attorney (b) that his attorney acted diligently and competently in representing him herein and ©) that the court is not bound by any recommendation, if any, made by the Prosecuting Attorney or by the Probation Officer and is completely free to fix or assess such punishment as in the court's discretion deems appropriate, subject only to the maximum sentence prescribed by law.

7.    That he has never been declared mentally incompetent for any reason, is not under the influence of alcohol or drugs and does not need or require psychiatric treatment.

WHEREFORE, Defendant requests that his plea of guilty to the charges herein be accepted and that such sentence herein be pronounced or imposed as the court now deems fit, proper and just.

Fine:                     $ 2500-00
Court Costs:              $   150.00
DNA Sample Fee:          $   250.00

_____
DEFENDANT

_____
ATTORNEY FOR DEFENSE

PLEA AGREEMENT:  _5 years probation, $2500 Fine_
_____

FILED
10:30 A.M.
APR 1 0 2006
Jr Minter D.C.
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Approved by: _____, DPA
              Brent Haltom, Prosecuting Attorney

000043

Defendant's full name:     J.    1Y EDD LEE

JUDGMENT AND DISPOSITION ORDER
IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS
8TH SOUTH DISTRICT ____FIRST____ DIVISION

On __April 10, 2006,__ the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.  The Court made the following findings:

DEFENDANT'S FULL NAME: JIMMY EDD LEE
DATE OF BIRTH: 08-27-1959
RACE:  WHITE
SEX:   MALE
SID #:
DEFENDANT'S ATTORNEY:   Ronald L. Griggs
PROSECUTING ATTORNEY OR DEPUTY: John K. Griffin, Deputy Prosecuting Attorney

Defendant was represented by     _x__ private counsel          ____ appointed counsel
                                 ____ public defender          ____ himself/herself

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:
___ Yes _x__ No

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed.  Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions.  The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Punishment rules and regulations.

----------------------------------------------------------------------------------------------------------------------------------
TOTAL NUMBER OF COUNTS: 1
----------------------------------------------------------------------------------------------------------------------------------

Offense # 1                                                  Docket #: CR-2005-3-1
                                                             Arrest Tracking #: 823981

A. .A. # of Offense:5-64-403
Name of Offense: Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine
Seriousness Level of Offense: 6
Criminal History Score: unknown
Presumptive Sentence: unavailable
Sentence is a departure from the sentencing grid. ___ Yes _x__ No.
Offense is a _x__ felony ___misdemeanor.
Classification of offense:   __A_x_B___C___D___U___Y
Period of Confinement:    _-0-__ months.
Suspended imposition of sentence:  _-0-__ months.
Period of Probation: _60__ months .
Defendant is assigned to ___ county jail _x__ Department of Community Punishment and/or probation ___ confinement under special conditions.
Special conditions of confinement are attached.  ___ Yes _x__ No.
Defendant ___attempted ___solicited ___conspired to commit the offense.
Offense date: 12-20-2004
Number of counts: 1
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. ___ Yes _x__ No.
Victim of the offense was ___under ___over the age of 18 years.
Defendant voluntarily, intelligently, and knowingly entered a
_x__ negotiated plea of guilty **under Adams v. State**
___ plea directly to the court of guilty or nolo contendere.
Defendant
___ entered a plea as shown above and was sentenced by a jury.
_x__ was found guilty of said charge(s) by the court, and sentenced by _x__ the court ___a jury.
___ was found guilty at a jury trial, and sentenced by ___the court ___a jury.
___ Defendant committed a target offense and was sentenced under the Community Punishment Act.  Upon successful completion of the conditions of probation/S.I.S. Defendant shall be eligible to have his/her records sealed.

FILED
2:35 pm
JUL 27 2006
Cynthia Walter, DC
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Disc DDL; JUD 912   Scanned Disc DDL; Criminal
00091
000044

Defendant's full name: IVY IDD LEE

-----

Jail Time Credit: _____ days

Conditions of disposition or probation are attached. ___ Yes _x__ No.

py of the presentence investigation on sentencing information, including but not limited to criminal history elements is attached. ___ Yes _x__ No.

Fines $2,500.00            Court Costs $150.00            DNA Fee $250.00

A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:

Amount $n/a            ___ Due immediately    ___ Installments of:

Payment to be made to: LAFAYETTE COUNTY SHERIFF'S DEPARTMENT

If multiple beneficiaries, give names and show payment priority:

Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender Registration Form: ___ Yes _x__ No.

Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the Department of Correction pursuant to A.C.A. 12-12-918: ___ Yes _x__ No.

Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903. ___ Yes _x__ No.

Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense or a repeat offense (as defined in A.C.A. 12-12-1103), and is ordered to have a DNA sample drawn at:

_x__ a D.C.P. facility ___ the A.D.O.C. or _____ (other): _x__ Yes ___ No.

Defendant was informed of the right to appeal: ___ Yes _x__ No.

Appeal Bond: $n/a

The County Sheriff is hereby ordered to ___ transport the Defendant to the County Jail or ___ take custody of the Defendant for referral to a Regional Punishment Facility.

Defendant shall report to the probation officer for assignment of a reporting date to a Regional Punishment Facility.

-----

Date: 2/25/06    Circuit Judge Joe Griffin            Signature

I certify this is a true and correct record of this Court.

Date: 7-27-2006    Circuit Clerk/Deputy: Cynthia Halter, DC

(Seal)

Form Revised 07/2003

FILED
7:30 AM
OCT 3 0 2006
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

In the Circuit Court of _____Lafayette_____ County, Arkansas

**State of Arkansas**                                                    **Plaintiff**

No. _2005-003-1_

_____Jimmy Lee_____                                            **Defendant**

## Conditions of Suspended Sentence or Probation

Now on this _10th_ day of _____April_____, __2006__, the defendant having entered a plea of guilty or having been found guilty in the above styled action and having received a Suspended Imposition of Sentence or having been place on Probation for a period of _____

__Five (5) Years_____ for the offense(s) of _____

__Possession of Drug Paraphernalia with Intent to Manufacture_____

_____

_____

will be subject to the following Conditions:

Pursuant to the authority granted this Court;

**IT IS HEREBY ORDERED** that the following conditions of said suspended sentence or probation are imposed upon the defendant:

*JL* 1.    You must not commit a criminal offense punishable by imprisonment. If arrested or questioned by a law enforcement officer, you will notify your supervising officer within 24 hours, unless such arrest or questioning occurs on a weekend, in which case you will notify your supervising officer the next working day.

*JL* 2.    You must not drink or possess intoxicating or alcoholic beverages, or be present in any establishment where its main source of income is derived from the sale of such beverages.

*JL* 3.    You must not use, sell, distribute, or possess any controlled substance, or associate with any person who is participating in or is known to participate in the illegal use, sale, distribution or possession of controlled substances, or be present in places where such persons congregate. You may use or possess controlled substances pursuant to a legitimate prescription from a physician. You must be able to present proof of your prescription and provide physician's name as requested. You must submit to random testing for the use of illegal substances or intoxicants. Testing may be of your breath, blood or urine at the direction of any supervising officer. You must pay for the expense of such testing.

*JL* 4.    You must not associate with persons who have been convicted of felonies, persons who are engaged in criminal activity, or other persons specified by any supervising officer.

000046

*JL* 5.   You must not purchase, own, control or possess any firearm or other prohibited deadly weapon at any time, or be in the company of any person possessing the same.

*JL* 6.   You must report as directed to a supervising officer and permit him or her to visit you in your residence, place of employment, or other property.

*JL* 7.   You must be gainfully employed or enrolled as a student at all times, pay your share of household expenses, support your legal dependents and pay all Court Ordered child support.  You must notify your supervising officer in advance of any change in your address, employment, education, telephone number, or family status.  Where circumstances make it impossible for you to give advance notice, you must give notice as soon as possible.  Prior approval from a supervising officer is required for you to change or stay away from your place of residence or to quit your employment.

*JL* 8.   You must remain within the State of Arkansas unless granted permission to leave by a supervising officer.  You agree to waive extradition from any jurisdiction in or outside the United States of America and to not contest any effort to return you to the State of Arkansas.

*JL* 9.   You must submit to, and are obligated for the expense of, any non-residential rehabilitative, medical, counseling or psychiatric program, deemed necessary by your supervising officer, for such period of time as may be recommended by the treating institution or person.  As evidence of your compliance, you must cause periodic reports to be submitted to your supervising officer by the treating or counseling program.

*JL* 10.   You must participate in, and are obligated for the expense of, any community based programs (such as NA or AA) deemed necessary by your supervising officer.

*JL* 11.   You must report to a day reporting center and subject yourself to the programs provided therein as deemed necessary by your supervising officer.

*JL* 12.   You must be truthful in all statements made to a supervising officer.

*JL* 13.   You must pay by money order a supervision fee of $__**25.00**_____ per month to the Department of Community Correction.

*JL* 14.   You must pay restitution to the victim(s) listed below, through the Department of Community Correction, in the total amount of $_____**-0-**_____, in regular monthly payments of $_____ each month beginning on the_____ day of

_____, _____ and on the_____day of each month thereafter until paid in full.

Victim(s)_____**See Special Condition Number 4**_____

_____

000047

*JL* 15.   You must pay the costs and/or fines listed below to **See Special Condition Number 4** in the total amount of $ __2,900.00__ , in regular monthly payments of $ ____50.00____ each month beginning on the __10th__ day of _____**May**_____ , __2006__ and on the __10th__ day of each month thereafter until paid in full.

| | | |
|---|---|---|
| Court Costs | $ | __150.00__ |
| Fine | $ | __2,500.00__ |
| Other | $ | __DNA $250.00__ |

*JL* 16.   You must comply with the special conditions imposed by the Court.

*JL* 17.   If the Court revokes your suspended sentence or probation for your violating a condition, it may enter a judgement of conviction and impose on you a sentence of __*__ years.
      **\* See Special Condition Number 10**

## SPECIAL CONDITIONS

1.   You must perform Community Service in lieu of payment of a monthly Suspended sentence or Probation supervision fee, in whole or in part, at the discretion of your supervising Officer and in accordance with the policies and procedures of the Arkansas Department of Community Correction.

2.   You must make a good faith effort toward completion of a high school diploma or G. E. D. certificate by enrolling in and attending a program of instruction at a State approved education center, if required.

3.   You must provide a blood sample, in accordance with Arkansas Department of Community Correction's established procedures, to be submitted to the D.N.A. Data Bank, if required.

4.   You must pay a Fine(s) of $_____**2,500**___, Court costs of $_____**150.00**__, Restitution of $_____**-0-**_____, a D.N.A. Fine of $___**250.00**____, a Sex Offender Registration Fee of $_____**-0-**____, and $_____**-0-**_____ for ____**Public Defender Fee**
      _____.
      You must pay $____**50.00**___ per month on the above Court Ordered financial obligations to __**Lafayette County Sheriff's Department**_____
      __**# 5 Courthouse Square, Lewisville, AR 71845**_____.

5.   _____
      _____
      _____

6.   _____
      _____
      _____

000048

7. _____
   _____
   _____

8. _____
   _____

9. As a condition of your Suspended sentence or Probation, the Court may impose a period of confinement in a County jail, City jail or other authorized detentional, correctional or rehabilitative facility, not to exceed __**365**__ days.

10. The Court retains jurisdiction during your period of Suspended sentence or Probation, to change the Conditions of your Suspended sentence or Probation, and to set aside, vacate or revoke such Suspended sentence or Probation for good cause, pursuant to Arkansas Code Annotated § 5-4-306 (b).  If the Court revokes your Suspended sentence or Probation, you could be sentenced to the Arkansas Department of Correction or the County jail for a period of _____**3**_____ years to _____**10**_____ years, and/or fined up to $____**10,000.00**_____.

Dated ___7-11-06___                    _____
                                                    Circuit Judge

Page 4 of 5

000049

Page 5 of 5
## ACKNOWLEDGEMENT

I hereby certify that I have read, understand, and will comply with the terms and Conditions of my Suspended sentence or probation. I understand that if I violate any of the Conditions set out in this agreement, the Court may revoke my Suspended sentence or Probation, enter a judgement of conviction impose any sentence on me that it might have imposed originally for the offense for which I was found guilty.

Dated 4-12-06

_____
Defendant

Dated 4-12-06

_____
Probation Officer

000050

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

**STATE OF ARKANSAS**

      VS.                                                                                            CR-2005-3-A 2

**JIMMY E. LEE**
**Last Known Address:**
**205 Lafayette 126**
**Stamps, AR 71860**

### PETITION FOR REVOCATION

TO THE HONORABLE JUDGE OF SAID COURT:

    Now comes the State of Arkansas, by and through the Prosecuting Attorney for Lafayette County, Arkansas, and would respectfully show the Court that the Defendant in the above styled and numbered cause was placed on Probated sentence in said cause under the provisions provided by the Laws of the State of Arkansas; and

    That during the period of such probation Defendant violated the terms and conditions thereof as set forth in the attached Report of Probation Violation and Recommendation to revoke, executed by Defendant's Probation Officer, which is incorporated herein by reference.

    Wherefore, premises considered, the State of Arkansas moves this Honorable Court to cause a warrant to be issued for the arrest of said defendant and that upon his arrest a hearing be held and his Probation be revoked in this cause, as the evidence and judgment of the Court thereon may warrant.

                                                 PROSECUTING ATTORNEY
                                   LAFAYETTE COUNTY, ARKANSAS

FILED
10:55 am
JAN 2 3 2007
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

000051

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

STATE OF ARKANSAS
    VS.
JIMMY E. LEE
  Last Known Address:
205 Lafayette 126
Stamps, AR 71860

CAUSE NO. CR-2005-3-1 2

D.L.#:
RACE: CAUCASIAN   HGT:  5' 09"
SEX:  MALE         WGT:  180
DOB:  08/22/1959    HAIR: BROWN
SSN:  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   EYES: GREEN

## REPORT OF PROBATED SENTENCE VIOLATION
## AND
## RECOMMENDATION TO REVOKE

DATE: January 17, 2007

A PROBATED SENTENCE OF FIVE (5) YEARS, GRANTED ON THE 10th DAY OF APRIL, 2006, FOR ACA § 5-64-403, POSSESSION OF DRUG PARAPHERNALIA WITH INTENT TO MANUFACTURE METHAMPHETAMINE, A CLASS B FELONY. THE DEFENDANT HAS VIOLATED THE CONDITIONS OF THE PROBATED SENTENCE IN THE FOLLOWING RESPECTS:

**X**  (A) Has committed an offense against the laws of this, or any other State, or the United States;

_____  (B) Has failed to avoid injurious or vicious habits (including the use of narcotics or habit forming drugs, and alcoholic beverages;

_____  (C) Has failed to report truthful to the Probation Officer;

**X**  (D) Has failed to report to the Probation Officer as directed;

_____  (E) Has failed to permit the Probation Officer to visit you at home, employment, or elsewhere;

_____  (F) Has failed to work faithfully at suitable employment and notify the Probation Officer prior to changing employment;

_____  (G) Has failed to notify the Probation Officer of change of residence and changed residence without permission from the Probation Officer;

_____  (H) Has failed to obtain written permission before leaving the State of Arkansas;

**X**  (I) Has failed to pay Court costs, and/or fine, if one be assessed, and restitution or reparation, in one or several sums, or in any sum that the Court shall determine to-wit;

_____  (J) Has failed to pay Probated sentence supervision fee as ordered by the Court;

_____  (K) Has failed to comply with Court ordered special conditions.

It is recommended that the Eighth South Judicial Circuit Court conduct a hearing to determine whether **JIMMY E. LEE'S** Probated sentence should be revoked.

000052

# REPORT OF PROBATED SENTENCE VIOLATION
## AND
## RECOMMENDATION TO REVOKE (CONTINUED)

.: JIMMY E. LEE

LAFAYETTE COUNTY, AR

CAUSE NO. CR-2005-3-1 2

A.) The defendant allegedly committed new offenses according to an arrest report from the Lafayette County Sheriff's Department. The defendant allegedly committed these new offenses on or around January 14, 2007.

D). The defendant has failed to report to the Probation Officer as directed. The defendant failed to report on November 22, 2006 and January 5, 2007. The defendant has not made contact with his Probation Officer since October 31, 2006.

I). The defendant was ordered to pay a Fine of $2,500.00, Court costs of $150.00, and a DNA fee of $250.00 to the Lafayette County Sheriff's Department at a rate of $50.00 per month. According to records maintained by the Lafayette County Sheriff's Department, the defendant has failed to pay as directed, and is in arrears $450.00, leaving an outstanding balance of $2,900.00.

### SUPERVISION HISTORY

On April 10, 2006, Jimmy E. Lee negotiated a plea of guilty to the charge of Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine (CR-2005-3-1). Lee was placed on five (5) years probation. He was assessed a fine, court costs, and DNA fee. While under supervision, Lee has failed to pay court-ordered obligations as ordered, and is in arrears as a result. Lee has also failed to report to his Probation Officer as directed. In addition, Lee has allegedly committed new offenses in Lafayette County, Arkansas.

It is my recommendation that the Defendant's Probated sentence be revoked and that he be sentenced to a term of imprisonment in the Arkansas Department of Correction.

_____
Alan Elmore, P/PO I

_____
Kathryn Hopkins, Area Assistant Manager

000053

## VERIFICATION

CR-2005-3-3 2
STATE OF ARKANSAS

COUNTY OF LAFAYETTE

I, Alan Elmore, hereby swear, affirm, and state on oath that the facts and statements contained herein are true and correct to the best of my knowledge, information, and belief.

_____
Probation Officer

Subscribed and sworn to before me on this ___19th___ day of __3 January__, 20_07_.



_____
Notary Public

My Commission Expires: __9-20-2012__

000054

Defen____'s full name: JIMMY EDD LEE

JUDGMENT AND COMMITMENT ORDER
IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS
8TH SOUTH DISTRICT, _SECOND_ DIVISION

On _May 7, 2007_ the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. The Court made the following findings:

DEFENDANT'S FULL NAME: JIMMY EDD LEE
DATE OF BIRTH: 08-27-1959
RACE:   WHITE
SEX:    MALE
SID #:  597472
DEFENDANT'S ATTORNEY: Shannon Tuckett
PROSECUTING ATTORNEY OR DEPUTY:  John K. Griffin, Deputy Prosecuting Attorney
CHANGE OF VENUE FROM:

FILED
11:11 Am
MAY 1 8 2007
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Defendant was represented by        ____private counsel        ____appointed counsel
                                     _x_ public defender        ____himself/herself

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:
_____   Yes   _x_ No

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C.) for the term specified on each offense shown below:

-------------------------------------------------------------------------------------------------------------------------
TOTAL NUMBER OF COUNTS: 1
-------------------------------------------------------------------------------------------------------------------------

    nse # 1                                             Docket #: CR-2005-3-2
                                                        Arrest Tracking #: 823981

A.C.A. # of Offense: 5-64-403
Name of Offense: Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine
Seriousness Level of Offense: 6
Criminal History Score: unknown
Presumptive Sentence: unavailable
Sentence is a departure from the sentencing grid. ___ Yes _x_ No.
Offense is a _x_ felony ____misdemeanor.
Classification of offense:   ___A _x_ B ___C ___D ___U ___Y
Sentence imposed:      _240_ months.
Suspended imposition of sentence:  _-0-_ months.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___ (b) ___ (c) ___(d).
Sentence was enhanced by A.C.A. _____.
Defendant____ attempted ___solicited ___conspired to commit the offense.
Offense date: 12-20-2004
Number of counts: 1
Defendant was on _X_probation ___parole at time of conviction.
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. ___ Yes _x_ No.
Victim of the offense was ___under ___over the age of 18 years.
Defendant voluntarily, intelligently, and knowingly entered a
___ negotiated plea of guilty or nolo contendere.
___ plea directly to the court of guilty or nolo contendere.
Defendant
___ entered a plea as shown above and was sentenced by a jury.
    was found guilty of said charge(s) by the court, and sentenced by ___the court ___a jury.
    _ was found guilty at a bench trial, and sentenced by _x_ the court ___ a jury.
-------------------------------------------------------------------------------------------------------------------------

000547

Page _1_ of _2_

000060

Disc 2007 Jud- 589   000589

Defen___'s full name: JIMMY EDD LEE

-------------------------------------------------------------------------------------------------------------

-------------------------------------------------------------------------------------------------------------

cate which sentences are to run consecutively:

Death Penalty:                 Execution Date:

Total time to serve on all offenses listed above: _____240_____ months.

Time is to be served at:_x_ Department of Correction ____ Regional Punishment Facility.

Jail time credit: _60___ days.

The Defendant was convicted of a target offense under the Community Punishment Act.  The Court hereby orders that the Defendant be judicially transferred to the Department of Community Punishment (D.C.P.). ___ Yes _x_ No

Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.

Fines $2,500.00            Court Costs $150.00            DNA Fee $250.00

A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:

Amount $-0-              ___ Due immediately        ____ Installments of:

Payment to be made to: LAFAYETTE COUNTY SHERIFF'S DEPARTMENT

If multiple beneficiaries, give names and show payment priority:

Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender Registration Form:

___ Yes _x_ No.

Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the Department of Correction pursuant to A.C.A. 12-12-918: ___ Yes _x_ No.

Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903.  ___ Yes _x_ No.

Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense, or a repeat offense (as defined in A.C.A. 12-12-1103), and is ordered to have a DNA sample drawn at: ___ a D.C.P. facility _x_ the A.D.O.C. or _____ (other): _x_ Yes ___ No.

Defendant was informed of the right to appeal: ____ Yes _x_ No.

Appeal Bond: $n/a

The County Sheriff is hereby ordered to transport the Defendant to_x_the Arkansas Department of Correction ___ Regional Punishment Facility.

-------------------------------------------------------------------------------------------------------------

**As a condition of parole fines and costs are to be paid.**

The short report of circumstances attached hereto is approved.

Date: May 17, 2007    Circuit Judge Jim Hudson                    Signature: _____

I certify this is a true and correct record of this Court.

Date: May 18, 2007    Circuit Clerk/Deputy: _____

(Seal)

Form Revised 07/2003

000548

000590

000061

# PROSECUTOR'S REPORT
### *Short report of circumstances*
### *Lafayette County*

**CR**-2005-3-2
**Disp. Date:** May 7, 2007

**Inmate:   JIMMY EDD LEE**
**AKA: N/A**

**D.O.B.: 08-27-1959**

**SSN#: 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**

FILED
*11:11 AM*
MAY 18 2007
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Convicted of: Probation Violation on 5-26-403 Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine

Was a weapon used? No          Type: N/A

Injury to victim? No

Synopsis of Offense: On or about April 10, 2006, defendant was sentenced to a five (5) year probated sentence after being found guilty of Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine.  Defendant failed to comply with his conditions of probation.

Age: N/A

Relationship of inmate to victim: None

Prosecutor: _John K. Griffin_
*John K. Griffin, Deputy Prosecuting Attorney*

*This is to acknowledge that the Lafayette County Sheriff's Department on the* **17**TH *day of* **May, 2007**

*2007, received a complete copy of the Judgment and Commitment Form and Prosecutor's Short Report of*

*Circumstances.*

Lafayette County Sheriff's Department

000062

Defend....t's full name: JIMMY EDD LEE

AMENDED  JUDGMENT AND COMMITMENT ORDER
IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS
8TH SOUTH DISTRICT,  __SECOND__  DIVISION

On  __May 7, 2007__  the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.  The Court made the following findings:

DEFENDANT'S FULL NAME: JIMMY EDD LEE
DATE OF BIRTH: 08-22-1959
RACE:  WHITE
SEX:    MALE
SID #:  597472
DEFENDANT'S ATTORNEY: Shannon Tuckett
PROSECUTING ATTORNEY OR DEPUTY:  John K. Griffin, Deputy Prosecuting Attorney
CHANGE OF VENUE FROM:

FILED
13 34 am
MAY 2 3 2007
Cynthia Kelly, D.C.
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Defendant was represented by        ____private counsel          ____appointed counsel
                                                    _x__public defender          ____himself/herself

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:
_____   Yes   _x__ No

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C.) for the term specified on each offense shown below:
--------------------------------------------------------------------------------------------------------------------------------
TOTAL NUMBER OF COUNTS: 1
--------------------------------------------------------------------------------------------------------------------------------

    ⁻ense # 1                                                                    Docket #: CR-2005-3-2
                                                                                      Arrest Tracking #: 823981
A.C.A. # of Offense: 5-64-403
Name of Offense: Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine
Seriousness Level of Offense: 6
Criminal History Score: unknown
Presumptive Sentence: unavailable
Sentence is a departure from the sentencing grid. ___ Yes _x_ No.
Offense is a _x_ felony ___misdemeanor.
Classification of offense:   ___A _x_ B ___C ___D ___U ___Y
Sentence imposed:        __240__ months.
Suspended imposition of sentence:   _-0-__ months.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___(a) ___ (b) ___ (c) ___(d).
Sentence was enhanced by A.C.A. _____.
Defendant____ attempted ___solicited ___conspired to commit the offense.
Offense date: 12-20-2004
Number of counts: 1
Defendant was on __X__probation ___parole at time of conviction.
Commitment on this offense is a result of the revocation of Defendant's probation or suspended imposition of sentence. ___ Yes _x_ No.
Victim of the offense was ___under ___over the age of 18 years.
Defendant voluntarily, intelligently, and knowingly entered a
___ negotiated plea of guilty or nolo contendere.
___ plea directly to the court of guilty or nolo contendere.
Defendant
___ entered a plea as shown above and was sentenced by a jury.
  _ was found guilty of said charge(s) by the court, and sentenced by ___the court ___a jury.
 _._ was found guilty at a bench trial, and sentenced by _x_ the court ___ a jury.
--------------------------------------------------------------------------------------------------------------------------------

Page  _1_ of _2_

000063

Dec 2007, Jud- 654        000654        000570 Second 2007 Criminal

Defe~.....nt's full name: JIMMY EDD LEE

------------------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------------------

   icate which sentences are to run consecutively:

Death Penalty:           Execution Date:

Total time to serve on all offenses listed above: _____240_____ months.

Time is to be served at:__x__ Department of Correction ____ Regional Punishment Facility.

Jail time credit: _60___ days.

The Defendant was convicted of a target offense under the Community Punishment Act.  The Court hereby orders that the Defendant be judicially transferred to the Department of Community Punishment (D.C.P.). ___ Yes __x__ No

Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.

Fines $2,500.00       Court Costs $150.00       DNA Fee $250.00

A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:

Amount $-0-         ___ Due immediately     ____ Installments of:

Payment to be made to: LAFAYETTE COUNTY SHERIFF'S DEPARTMENT

If multiple beneficiaries, give names and show payment priority:

Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender Registration Form: ___ Yes __x__ No.

Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the Department of Correction pursuant to A.C.A. 12-12-918: ___ Yes __x__ No.

Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903. ___ Yes __x__ No.

Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense, or a repeat offense (as defined in A.C.A. 12-12-1103), and is ordered to have a DNA sample drawn at: ___ a D.C.P. facility __x__ the A.D.O.C. or _____ (other): __x__ Yes ___ No.

Defendant was informed of the right to appeal: ___ Yes __x__ No.

Appeal Bond: $n/a

The County Sheriff is hereby ordered to transport the Defendant to__x__ the Arkansas Department of Correction ____ Regional Punishment Facility.

------------------------------------------------------------------------------------------------------------

**As a condition of parole fines and costs are to be paid.**

The short report of circumstances attached hereto is approved.

Date: *May 23, 2007*    Circuit Judge Jim Hudson       Signature: _____

I certify this is a true and correct record of this Court.

Date: _____    Circuit Clerk/Deputy: _____

(Seal)

Form Revised 07/2003

# AMENDED PROSECUTOR'S REPORT
## *Short report of circumstances*
### *Lafayette County*

**CR**-2005-3-2
**Disp. Date:** May 7, 2007

**Inmate:   JIMMY EDD LEE**
**AKA: N/A**

**D.O.B.: 08-22-1959**

**SSN#: 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**

FILED
10:34am
MAY 2 3 2007
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Convicted of: Probation Violation for Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine

Was a weapon used? No          Type: N/A

Injury to victim? No

Synopsis of Offense: On or about April 10, 2006, defendant was sentenced to a five (5) year probated sentence after being found guilty of Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine. Defendant failed to comply with his conditions of probation.

Age: N/A

Relationship of inmate to victim: None

Prosecutor: _____
*John N. Griffin, Deputy Prosecuting Attorney*

*This is to acknowledge that the Lafayette County Sheriff's Department on the* 23 *day of* May ,

*2007, received a complete copy of the Judgment and Commitment Form and Prosecutor's Short Report of*

*Circumstances.*

Lafayette County Sheriff's Department

000065

PROPERTY OF ARKANSAS SUPREME COURT COURT OF APPEALS

# CACR 07   00684

**Appellant(s)**

Jimmy Lee Lee

v.      Lafayette Circuit
        Hon. James Scott Hudson Jr, JUDGE
        CR-2005-3-2

**Appellee(s)**

State Of Arkansas

2 Volume Record Lodged

Transcript Filed June 29, 2007
**Leslie W. Steen, Clerk**
By Denise Parks

Volume _2_

1          IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

2

3    STATE OF ARKANSAS                              PLAINTIFF

4

5    VERSUS                        NO.   CR-05-003-2

6

7    JIMMY E. LEE                                   DEFENDANT

8    _____

9

10

11

12

13

14

15

16                        ORIGINAL

17

18                     APPEAL TRANSCRIPT

19                           OF

20       PROCEEDINGS BEFORE THE HONORABLE JIM HUDSON,

21   CIRCUIT JUDGE, EIGHTH JUDICIAL DISTRICT OF ARKANSAS SOUTH

22                           ON

23                     MAY 7, 2007

24

25

FILED
11:05 Am
JUN 20 2007
Mary Joe Rogers
MARY JOE ROGERS
CIRCUIT CLERK
LAFAYETTE COUNTY, AR

Frances Haynes
Certified Court Reporter # 355
Prescott, Arkansas, 71857

1               E X H I B I T S   I N D E X

2   Proceedings before the Honorable Jim Hudson, Circuit Judge,
    Eighth Judicial District of Arkansas South, in Lewisville,
3   Arkansas, on May 7, 2007.

4                                                      PAGE

5   ANNOUNCEMENTS                                        2

6   AMANDA CLIFF

7        Direct examination by Mr. Griffin              4

8        Cross examination by Ms. Tuckett               9

9        Redirect examination by Mr. Griffin            9

10       State's Exhibit 1 - Certified copy of

11            District Court's docket sheet             11

12       Questions by the court                         10

13  CINDY DYER

14       Direct examination by Mr. Griffin              12

15  STATE RESTS                                         16

16  CLOSING ARGUMENTS

17       State by Mr. Griffin                           16

18       Defendant by Ms. Tuckett                       17

19  RULING                                              19

20  REPORTER'S CERTIFICATE                              22

21  COURT'S ORDER                                       23

22

23

24

25

1          IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, ARKANSAS

2     STATE OF ARKANSAS                              PLAINTIFF

3     VERSUS                    NO.   CR-05-003-2

4     JIMMY E. LEE                                   DEFENDANT

5     _____

6

7               REPORTER'S TRANSCRIPT OF PROCEEDINGS

8          On this 7th day of May, 2007, the above styled cause

9     comes on to be heard before the Honorable Jim Hudson, Circuit

10    Judge of the Eighth Judicial District of Arkansas South, of

11    which Lafayette County is a part.

12         Comes the plaintiff by and through Mr. John Griffin,

13    Deputy Prosecuting Attorney, Lewisville, Arkansas, and comes

14    the defendant in person and by and through his attorney, Ms.

15    Shannon Tuckett, Attorney at Law, Texarkana, Arkansas.

16         WHEREUPON, both sides announced ready, and the following

17    testimony and evidence is adduced, to-wit:

18

19

20

21

22

23

24

25

1          this is the same accident we're talking about.

2               And I don't have anything else for Ms. Dyer.

3     THE COURT:

4               All right.  Ms. Tuckett.

5     MS. TUCKETT:

6               No questions, Judge.

7     THE COURT:

8               Thank you, ma'am.

9     MR. GRIFFIN:

10              And as far as we know we're through with her.

11    She needs to get back to work, I know.

12    THE COURT:

13              Okay.  You're free to go or to stay.  Does

14    the state rest?

15    MR. GRIFFIN:

16              We rest.

17    MS. TUCKETT:

18              No witnesses, Judge.

19    THE COURT:

20              All right.  I certainly find that your

21    violation is proved by clear and convincing

22    evidence.  The Petition to Revoke is true, as to

23    committing other offense, in fact, other offenses,

24    against the State of Arkansas. Failure to report and

25    failure to pay without sufficient explanation or

17

1    excuse, so on all three counts, the revocation is

2    true.

3        Does the state have any specific recommendation

4    on sentence?

5    MR. GRIFFIN:

6        Yes, sir.  We recommend the maximum sentence.

7    Mr. Lee had every opportunity to try to do right,

8    and I don't see where he tried to do right in any

9    regard.  And not only that, he put somebody else's

10   life in jeopardy by causing this accident while he

11   was intoxicated, and leaving Ms. Dyer in a ditch

12   overturned, so I certainly, absolutely, recommend

13   the maximum.

14   THE COURT:

15       Ms. Tuckett.

16   MS. TUCKETT:

17       Judge, I understand that the new offense can

18   be proven is a grounds for revocation.  I would

19   point out to the court though that he's already been

20   adjudicated on that and received punishment for

21   that.

22   THE COURT:

23       Not yet.

24   MS. TUCKETT:

25       And well, in part he has.  Like I say, I do

000095

18

1    understand that it has a role in this, but it is not

2    like this is the first time it's been heard before

3    a court.

4    THE COURT:

5        I'm sorry.  You're talking about the district

6    court charges?

7    MS. TUCKETT:

8        Right.  Yes, sir.

9    THE COURT:

10       All right.

11   MS. TUCKETT:

12       And...

13   THE COURT:

14       ...I agree.

15   MS. TUCKETT:

16       We also note that he has, did start reporting

17   in February, and has reported weekly since that

18   time, and I do believe consideration should be given

19   for that.

20   THE COURT:

21       What consideration should be given for not

22   reporting and not paying until you run over somebody

23   under the influence, and leave them in a ditch full

24   of water?  What should I give consideration of that

25   to?

1          MS. TUCKETT:

2              Judge, I just, I don't believe the maximum.

3      Once there was an error, he has tried to cc what he

4      can to correct it, and we all know we've seen cases

5      where people have errors, extreme errors, and they

6      do nothing to try to correct it, once to cc what

7      they can at that point, but he has.

8      THE COURT:

9              Thank you. Rebuttal?

10     MR. GRIFFIN:

11             Judge, that's all we have to say, Judge.

12     THE COURT:

13             Mr. Lee, I'm not, it's not my desire nor my

14     intent to be vindictive, but I don't find much room

15     for mitigation or lessening your sentence based on

16     your behavior, though you've been well represented

17     in regard to that.

18             Sentenced on possession of drug paraphernalia

19     with intent to manufacture methamphetamine to a

20     term of twenty years in the Arkansas Department of

21     Correction, and fines commensurate with the original

22     fines assessed in the probation sentence, which will

23     all be payable as conditions of your parole or at

24     the time of your release.

25             You are entitled to time served, but I'm not

1    sure I can determine from this record how many days

2    that is.

3    MR. GRIFFIN:

4        Judge, it would be a minimal amount since it

5    was a DWI, and that's the only thing I think they

6    would have held him in jail for.

7    THE COURT:

8        I don't think he's entitled to anything on

9    that.  I'm talking about on the original charge.

10   MR. GRIFFIN:

11       Oh, from back when it was first adjucicated?

12   I don't remember how long he was in jail.  I'll see

13   if I have a tracking card here.

14   THE COURT:

15       Well, I've got that, but I can't read it.

16   MR. GRIFFIN:

17       I show he was arrested, looks like December 20,

18   2004, but I don't know how long he was in jail

19   after that.

20   THE COURT:

21       I show a bond of February 17th, 2005, so I'm

22   going to assume, unless I hear otherwise, he's

23   entitled to time served day for day from December

24   20th, of '04, until February 17th, of '05.

25       The revocation filed January 23rd of '07, and

21

1          I don't show that there was any bond set, so he

2     must have been released to report so no time served

3     beyond that.

4               Thank you, sir.