IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY EDD LEE,                                                                                              PETITIONER
ADC #97401

v.                                      No. 5:10CV00334 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                           RESPONDENT

## OPINION AND ORDER

United States Magistrate Judge J. Thomas Ray has submitted Proposed Findings and Recommended Disposition in which he recommends that the petitioner Jimmy Edd Lee's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Lee has objected to the proposed findings and recommended disposition. The Court therefore has conducted a *de novo* review. With one exception, Judge Ray's Proposed Findings and Recommended Disposition are adopted as the findings and disposition of this Court.

The one exception is Judge Ray's recommendation that the Court find that Lee's ineffective assistance of counsel claim was procedurally defaulted because Lee did not file his Rule 37 petition within 90 days after entry of judgment as required by Ark. R. Crim. P. 37.2(c). Document #41, at 6. In recommending that Lee's ineffective assistance of counsel claim was procedurally defaulted because it was not filed within 90 days after entry of judgment, Judge Ray was following the decision of the Arkansas Supreme Court on appeal from the denial of Lee's Rule 37 petition. *Lee v. State*, 2010 Ark. 261, 2010 WL 2132249 (May 27, 2010).

In his objections, Lee argues, for the first time, that his Rule 37 petition was not untimely because a person must be in custody before he is entitled to file a Rule 37 petition. Ark. Crim. P. 37.1(a); *Branning v. State*, 210 Ark. 401, at *3, 2010 WL 4264500, at **2 (Oct. 28, 2010). Lee was not in custody until after his probation was revoked, which was more than a year after judgment was

entered. Hence, he could not have filed a Rule 37 petition within 90 days after judgment was entered. The State concedes that Lee is correct on this point – he could not have filed a Rule 37 petition before his probation was revoked because he was not in custody. Document #48, at 1-2.

Nevertheless, the ineffective assistance of counsel claim that Lee presents in this action is procedurally defaulted. In his section 2254 petition, Lee asserts that his lawyer was ineffective for failing to obtain the original arrest report and warrant for arrest and in failing to inform him of a conflict that existed between the information in those documents and the facts to which the arresting officers would testify at trial. Document #2, at 5. Although Lee asserted ineffective assistance of counsel claims in his Rule 37 petition, he did not assert that claim. *See* Document #18-1, at 4-17. Nor did Lee argue that claim in his appeal of the denial of his Rule 37 petition. *See* Document #18-2, at 1-30.

With respect to his initial guilty plea, Lee's claim in his Rule 37 proceedings was that he received ineffective assistance of counsel based on his contention that he was told that the crime to which he was pleading guilty could result in a term of imprisonment of three to ten years, not a term of imprisonment of twenty years – which is not the claim he is making here. As Judge Ray noted in his Proposed Findings and Recommended Disposition, a habeas petitioner must fairly present his federal claim to the state courts before seeking federal relief under section 2254. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011). Lee's claim that his lawyer was ineffective for not informing him of the conflict in the officers' statements has never been presented to the state courts, so it is procedurally defaulted. *Cf. Buckley v. Lockhart*, 892 F.2d 715, 719 (8th Cir. 1989).

Because Lee's claim was defaulted in state court, review by this Court is barred unless Lee can show cause for the default and actual prejudice as a result of the ineffective assistance of counsel

or demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. *Murphy*, 652 F.3d at 850.

Cause must be something external to the petitioner, something not fairly attributable to him. *Greer v. Minn.*, 493 F.3d 952, 958 (8th Cir. 2007). For cause, Lee argues that he was unable to obtain the police reports until shortly before he filed a petition for writ of error *coram nobis*. Although he does not state the date on which he filed the petition, it must have been before January 20, 2011. *See Lee v. State*, 2011 Ark. 16, 2011 WL 291967 (Jan. 20, 2011). As both Judge Ray and the Arkansas Supreme Court noted, however, the discrepancies in statements by the police officers were known to defense counsel, who argued those discrepancies in briefs in support of a motion to dismiss for lack of probable cause. Document #41, at 7-8 and 39-41; *Lee v. State*, 2012 Ark. 401, 2012 WL 5304086 (Oct. 25, 2012). Lee argues that he was unaware of the discrepancies involving the statements of the officers, even though they were mentioned in briefs filed by his lawyer. Whether he was aware of them or not, those briefs were part of the record on file in his case, and that record was available to him at all times. Even if Lee was unaware of the discrepancies, that ignorance on his part does not establish cause for his failure to raise his present ineffective assistance of counsel claim in his Rule 37 petition because he could have discovered the discrepancies simply by obtaining from his lawyer or the Clerk of Court the motions and briefs in his case. *Cf. Greer*, 493 F.3d at 958.

Even in the absence of cause for the procedural default, Lee could obtain habeas relief if he could show that failure to consider his claim would result in a fundamental miscarriage of justice. *Murphy*, 652 F.3d at 850. To establish a fundamental miscarriage of justice, a petitioner must show that there is new, reliable evidence such that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 536-37, 126 S. Ct. 2064, 2076-77, 165 L. Ed. 2d 1 (2006). The Eighth Circuit has explained:

3

> There is a preliminary inquiry we must make before we can evaluate the strength of [the petitioner's] claim of actual innocence. "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with *new* reliable evidence . . . ." [*Shlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865, 130 L. Ed. 2d 808 (1995)] [emphasis added by the Eighth Circuit]. The district court did not evaluate the "newness" of [the petitioner's] evidence, but we think this is an important initial step in the analysis of a habeas petitioner's claim of probable actual innocence.

*McCoy v. Norris*, 125 F.3d 1186, 1190 (8th Cir. 1997); *see also Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010). Evidence that could have been discovered earlier through the exercise of due diligence is not the sort of new evidence that can be used to show a fundamental miscarriage of justice. *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004). The evidence upon which Lee relies – the original police report and warrant for arrest – is not new evidence. As has been mentioned, Lee's lawyer filed a motion to dismiss the case based on lack of probable cause and addressed the discrepancies between the officers' statements in briefs. Because the evidence upon which Lee relies is not new, it does not suffice to show a fundamental miscarriage of justice.

For the reasons stated, Jimmy Edd Lee's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. No certificate of appealability will be issued.

IT IS SO ORDERED this 26th day of July, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE